O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY KURT HAIRSTON,<br><br>        Petitioner,<br><br>    v.<br><br>GOV. JERRY BROWN, et al.,<br><br>        Respondents. | NO. EDCV 14-1037-RGK (MAN)<br><br>ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On February 26, 2014, Petitioner, a California prisoner, filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Southern District of California. On March 3, 2014, the Southern District transferred that petition to this District, where it was assigned Case No. EDCV 14-00411-RGK (MAN) (the "First Petition"). The First Petition challenged Petitioner's October 25, 2013 conviction in Riverside County Superior Court Case No. INF132002 (the "2013 Conviction"). On March 18, 2014, the First Petition case was dismissed without prejudice, for lack of exhaustion. Petitioner appealed, and on April 25, 2014, the United States Court of Appeals for the Ninth Circuit dismissed the appeal (Case No. 14-55491).

On February 26, 2014 -- the same day he filed the First Case petition in the Southern District -- Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for

the Eastern District of California ("Second Petition"). Like the First Petition, the Second Petition challenged the 2013 Conviction. On March 11, 2014, the Eastern District transferred the Second Petition to this District, where it was assigned Case No. EDCV 14-00512-RGK (MAN). On March 27, 2014, the Second Petition case was dismissed without prejudice, for lack of exhaustion. Petitioner did not appeal.

On April 23, 2014, Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Southern District of California, which again challenges the 2013 Conviction (the instant "Petition"). On May 21, 2014, the Southern District transferred the Petition to this District, and it was filed and assigned the above-referenced case number.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the Petition must be dismissed without prejudice.

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

The instant Petition challenges the 2013 Conviction at issue in the First Petition and Second Petition actions. The Petition does not contain any allegation that Petitioner appealed the 2013 Conviction or otherwise exhausted his present claims.[2] (Petition at 2, 6.) The Court has reviewed the dockets for the California Supreme Court, which are available electronically,[3] and takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence. A search of those dockets shows that Petitioner has not filed *any* proceeding in the California Supreme Court since

---

[2] The claim(s) alleged in the Petition are garbled and difficult to decipher. Petitioner appears to contend that he was entrapped in connection with the offenses underlying the 2013 Conviction and/or that the trial judge and prosecutor conspired against him. Petitioner also appears to complain about some sort of wrongful conduct by the IRS and a bus accident when he was transferred to another prison. (*See* Petition at 3.)

[3] *See* http://appellatecases.courtinfo.ca.gov.

the latter part of 2010, when he filed 11 habeas petitions.[4] As those petitions were filed and denied approximately three years before Petitioner sustained the 2013 Conviction challenged by the instant Petition, they plainly did not exhaust the claim(s) alleged in the Petition.

Accordingly, as was the case with respect to the First Petition and the Second Petition, the instant Petition is unexhausted, because Petitioner did not present his claims to the California Supreme Court, and afford that court a chance to rule on them, before seeking federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[5]

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required. Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

///
///
///
///
///

---

[4] See California Supreme Court Case Nos. S186745, S186744, S186742, S186741, S185788, S185388, S185387, S185386 S185384, S185382, and S185379.

[5] Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: May 29, 2014

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE